*1149 OPINION.
Smith :
The petitioner kept its books of account upon the accrual basis. In 1921 it employed an architect to draw plans and prepare specifications for a garage building which during the year 1921 it definitely abandoned the idea of building on account of the cost thereof upon the plans prepared. The cost of the plans is a legal deduction from gross income in income-tax returns in a case of this sort. Appeal of C. U. Connellee, 4 B. T. A. 359; Continental Trust Co. v. Commissioner, 7 B. T. A. 539. Although the respondent admits that the amount paid to the architect in 1921 is a legal deduction from the gross income of 1921, he contends that the additional amount paid in 1922 is not a deduction from gross income because it represents a compromise settlement of the architect’s claim and that there was no accrual of the liability until the year 1922. The evidence clearly shows that the liability existed in 1921. There was no compromise of the liability. The petitioner paid the architect the full amount *1150 of the fee claimed by him. Since the petitioner kept its books of account and made its returns upon the accrual basis the amount paid in 1922 is a legal deduction from the gross income of 1921.
The evidence clearly shows that the president of the corporation in 1921 incurred business expenses for the corporation for which he was reimbursed to the extent of $1,000 by the corporation. The $1,000 reimbursed constituted an ordinary and necessary expense of the corporation and was a legal deduction from gross income of 1921.
Judgment will he entered on 15 days' notice, under Bule 50.
Considered by Littleton.